UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARSHALL LEE MITCHELL, ) | Civil Action No.: 4:13-cv-1949-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MILDRED RIVERA, Warden; SEAN ) | |
| ASHLINE, FS Adm.; REED, Doctor; ) | |
| ENEJE, Doctor; and RAINWATER, ) | |
| Nurse; ) | |
| ) | |
| Defendants. ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, alleges violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]  Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 30).  Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the dismissal of his claims.  Plaintiff filed a "temporary/partial response" to Defendants' Motion as well as a Motion for Extension of Time (Document # 34) to either file a full response or move for leave to amend his complaint.  Thereafter, Plaintiff filed a Motion to Amend his Complaint (Document # 35).  In an Order filed contemporaneously herewith, the Motion to Amend was denied.

---

[1] In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 814–820, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. Id.; Osabutey v. Welch, 857 F.2d 220, 221–223 (4th Cir.1988).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

In his Complaint, Plaintiff alleges that Defendants' showed deliberate indifference to a serious medical need when he was subjected to food poisoning and denied medical care for eleven days in violation of the Eighth Amendment.  He further alleges that others were provided medical care during the period in which he was denied care and, thus, he suffered discrimination in violation of the Fifth Amendment.

## III.    STANDARD OF REVIEW

Defendants move for dismissal, or in the alternative, for summary judgment.  Because both Plaintiff and Defendants refer to exhibits to support their arguments, this motion is properly analyzed under Rule 56, Fed.R.Civ.P.  See Rule 12(d), Fed. R.Civ.P.

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could

-3-

reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.     DISCUSSION

Defendants have pleaded the affirmative defense of failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. Booth v. Churner, 532 U.S. 731, 739 (2001). Exhaustion is required in all

suits challenging prison conditions, not just suits brought under § 1983. Porter v. Nussle, 534 U.S. 516, 524 (2002). "Proper exhaustion" is required. Woodford v. Ngo, 548 U.S. 81, 94-95 (2006).

Bureau of Prisons (BOP) regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. See 28 C.F.R. § 542.10. The plaintiff may informally attempt to resolve the complaint with a staff member. 29 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint on Form BP-9 to the warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 542.15(a), 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The inmate may consider the absence of a response within the allotted response time, including any extension, to be a denial of the Request or appeal at that level. 28 C.F.R. § 542.18. The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also 28 C.F.R. § 542.10 - § 542.16.

Plaintiff does not dispute that he did not complete the administrative remedy process set forth above at the time of the alleged incident. However, he argues that he was unable to properly exhaust his administrative remedies because the process was not available to him and he tried to exhaust his remedies as best he could. Specifically, Plaintiff argues that the administrative remedy process was suspended while the facility was on lockdown for a period of time and officials did not provide inmates with grievance forms during that time.

The Fourth Circuit Court of Appeals has recognized that an administrative remedy is not

considered to have been available if a prisoner, "through no fault of his own, was prevented from availing himself of it." See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, "when prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Bacon v. Greene, 319 F. App'x 256, 257-58 (4th Cir. 2009) (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (stating administrative remedy rendered unavailable when prison officials prevent prisoner from using it).

Defendant Mildred Rivera, who was the Warden at FCI-Estill during the relevant time period, declares that at no time was the administrative remedy program suspended during the time period set forth in Plaintiff's complaint.[2]  Rivera Decl. ¶ 5 (Ex. 2 to Def. Motion).  She states that inmates had access to the entire program and administrative remedies were filed by inmates during that time period.  Id.  Further, Roy Lathrop, Paralegal Specialist for the BOP, declares that from June 1, 2011, to August 1, 2011, a total of twenty-seven administrative remedies were filed by inmates at FCI-Estill.  Lathrop Decl. ¶ 7 and Ex. B.  Plaintiff fails to present sufficient evidence to show that prison officials prevented him from using the administrative remedy process.

Plaintiff attaches to his Complaint copies of  "Inmate Request to Staff Forms" and other informal letters submitted during June and July of 2011.  However, these forms are not part of the BOP's formal grievance process.  A prisoner properly exhausts his administrative remedies only by following the BOP's administrative remedies procedure, as set out in 28 C.F.R. § 542.10 et seq. See Woodford, 548 U.S. at 90 (holding that administrative law requires proper exhaustion of administrative remedies which "means using all steps that the agency holds out, and doing so

---

[2]Plaintiff alleges that FCI-Estill was on lockdown status due to a riot that occurred on May 26, 2011, and that the lockdown ended on July 18, 2011. Complaint p. 3 and Ex. F to Complaint.  He alleges that he contracted food poisoning on June 16, 2011.  Complaint p. 3.

properly").

Plaintiff's first formal grievance regarding alleged June 2011 food poisoning was filed on February 8, 2013, nearly two years after the event. Lathrop Decl. ¶ 4. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Thus, Plaintiff's February 2013 grievance was insufficient to exhaust his administrative remedies.

In sum, because Plaintiff failed to exhaust his administrative remedies with respect the allegations in his Complaint, summary judgment is appropriate.

**V.    CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 30) be granted pursuant to Rule 56, Fed.R.Civ.P., and this case dismissed in its entirety.[3]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 20, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[3] It is further recommended that all other pending motions be rendered moot.