IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marshall Lee Mitchell, | ) | |
| | ) | C/A No. 4:13-1949-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden Mildred Rivera, | ) | |
| Sean Ashline, Dr. Reed, | ) | |
| Dr. Eneje, and Nurse Rainwater, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Marshall Lee Mitchell ("Mitchell"), a federal inmate proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants filed a Motion to Dismiss, or alternatively, for Summary Judgment. (ECF No. 30). Mitchell filed what he entitled a temporary or partial response to Defendants' motion and a motion for an extension of time to respond to Defendants' motion (ECF No. 34), and a motion to amend the Complaint (ECF No. 35). The magistrate judge granted Mitchell an extension, but denied the motion to amend. (ECF No. 43). On March 20, 2014, the magistrate judge filed a Report and Recommendation ("Report") in which he recommended that Defendants' Motion to Dismiss or for Summary Judgment Motion be granted. (ECF No. 44).[1] Mitchell timely filed objections. (ECF No. 53). Mitchell has also filed two notices of supplemental authority. (ECF Nos. 57 and 58).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de

---

[1] The court will treat this motion as one for summary judgment because matters outside of the pleading have been considered. Fed.R.Civ.P. 12(d).

novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

In his Complaint, Mitchell alleges Defendants were negligent in their preparation of food causing him to develop food poisoning and then were deliberately indifferent to his serious medical needs. (Compl. at 2, 3). Mitchell alleges that on June 17, 2011, while he was incarcerated at the Federal Correctional Institution at Estill, South Carolina ("FCI-Estill"), he contracted food poisoning causing headache, toothache, backache, stomachache, chills, fever, and constipation, and his right leg to swell and turn red. (Compl. at 3-4). Mitchell alleges that, despite numerous requests beginning on June 20th, he was not seen by medical personnel until June 28th, and the antibiotics he was prescribed on that day were not delivered until June 30th. Mitchell also alleges discrimination because he states that during this period, other inmates were provided medical treatment. Mitchell further alleges that once he was treated, the treatment was improper and inadequate.

Defendants filed a motion for summary judgment contending that Mitchell did not exhaust his administrative remedies; Mitchell failed to state a claim; Defendants are entitled to qualified immunity; Defendant Rainwater is absolutely immune from suit; and Defendants

2

Rivera and Ashline cannot be found liable under the theory of supervisory liability. In response, Mitchell concedes he did not exhaust his administrative remedies, but argues that he was prevented from exhausting his administrative remedies because the prison was on lockdown and he was not provided the proper forms during that time. The magistrate judge found Mitchell failed to exhaust his administrative remedies and recommends that Defendants be granted summary judgment.

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## III. Discussion

The magistrate judge found that Mitchell failed to present sufficient evidence to show that the prison officials prevented him from exhausting his administrative remedies, and his February 2013 grievance, which was filed almost two years after the incident, was insufficient. (Report at 5-6). Therefore, the magistrate judge recommended that the court grant Defendants' summary judgment motion and dismiss this action. (Report at 6).

3

In his objections, Mitchell contends that Defendants prevented him from filing his administrative remedies by refusing to provide the proper forms and/or by failing to respond to Plaintiff's forms and, therefore, he contends that he is entitled to the application of equitable tolling. (Objections at 3). Mitchell also contends that the magistrate judge failed to liberally construe the Complaint or any other pleadings. (Objections at 14-15).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth,* 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth,* 532 U.S. at 741.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

The Federal Bureau of Prisons ("BOP") has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which a federal inmate can seek review of complaints relating to confinement and which includes a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 et seq. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. An inmate must first seek

4

to informally resolve the complaint at the institution level on the proper form, BP-8. 28 C.F.R. § 542.13. If the matter is not resolved informally or the inmate does not receive a response, the inmate may file a formal written complaint, BP-9, with the warden. 28 C.F.R. § 542.14.[2] If dissatisfied with the response or the inmate does not receive a response, the inmate can appeal to the Regional Director on a form BP-10. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate can appeal to the General Counsel using a form BP-11. *Id*. Appeal to the General Counsel is the final level of agency review. 28 C.F. R. § 542.15(a).

"[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only available administrative remedies be exhausted. And a grievance procedure is not available if prison officials prevent an inmate from using it. See *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

Mitchell acknowledges that he did not fully exhaust his administrative remedies, but he offers several excuses. First, he contends that Defendants failed to properly respond to his requests. However, failure to receive a response is not an excuse for not moving to the next level of the grievance procedure. *See Cremeans v. Villers*, 2012 WL 2359831 *3 (N.D.W.Va. May 29, 2012). In the instant case, even assuming Mitchell filed inmate request forms and he did not receive any responses as he alleges, he failed to consider the absence of a response as a denial and proceed to the next level.

In his objections, Mitchell states that he attempted to take up the issues with Warden Rivera face-to-face in July 2011, but Rivera told him not to bother her any further about the incident, which Mitchell perceived as a threat. (Objections at 27-28). He claims he waited until

---

[2]If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

the new warden took over at FCI-Estill to file a grievance.

A number of United States Courts of Appeals have held that prison officials' threats of violence can render administrative remedies unavailable. *See, e.g., Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006); *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004). For threats or intimidation to render administrative remedies unavailable, they must typically be substantial and serious enough that they would deter a similarly situated prisoner of ordinary firmness from pursuing administrative remedies. *See Turner*, 541 F.3d at 1085; *Kaba*, 458 F.3d at 684-86; *Hemphill*, 380 F.3d at 688.

Here, the court finds that a prisoner of ordinary firmness in Mitchell's situation would not have been dissuaded from pursuing administrative remedies based upon Warden Rivera's alleged statement that Mitchell should not bother her. Unlike in *Turner*, *Kaba*, and *Hemphill*, Mitchell does not allege that Warden Rivera threatened retaliation if he pursued his administrative remedies. The fear of violence based upon the Warden's statement is too speculative to excuse Mitchell from pursuing his administrative remedies. The court finds that prisoners of ordinary firmness in Mitchell's situation would not have been prevented from pursuing their administrative remedies and any purported threat by Warden Rivera was not enough to prevent Mitchell from pursuing his administrative remedies.[3]

In his Complaint, Mitchell also alleges that he was denied the proper forms, and that he had to use plain paper and other forms. (Objections at 17-18). Subsequently, he obtained three B-9 forms from other inmates which he filed on October 8, 2011, and again he contends that he never received any response. (Compl. at 43-44). He then alleges that almost fifteen months

---

[3] Also, at that point, Mitchell had already filed a grievance with Warden Rivera which she failed to respond to and thus he could have filed an appeal. Moreover, "[i]f a prisoner believes that he would be adversely affected if his complaint became known at the institution where he is housed he may file his complaint directly to the Regional Director." *Gibbs v. Bureau of Prisons*, 986 F.Supp. 94, 944 n.9 (D. Md. 1997) (holding that)(citing 28 C.F.R. § 542.13(c)).

later, he filed another B-9 form with the new warden at FCI-Estill, who also never responded. (Compl. at 44). He further contends that once he was transferred to the FCI-Beckley on May 8, 2013, he "proceeded to grievance the food poisoning and medical neglect issues." (Compl. at 44). The court finds that Mitchell was not prevented from filing any appeal based upon the denial of any forms. Rather, Mitchell chose not to appeal any of the grievances he filed, when he could have treated the failure to respond as denials, at that level, as set forth in 28 C.F.R. § 542.18.

After reviewing Mitchell's objections, the court cannot find that he has created a genuine dispute of any material fact regarding the failure to exhaust his administrative remedies. Accepting as true that Mitchell filed grievances, he never filed an administrative grievance in a proper fashion through all three levels of review.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff Mitchell's objections are without merit and adopts the Report. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 30) is **GRANTED**, and this action is **DISMISSED**. Further, Plaintiff's pending Motion to Compel (ECF No. 40) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 3, 2014
Anderson, South Carolina

# NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.