IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marshall Lee Mitchell, | ) | |
| | ) | C/A No. 4:13-1949-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Mildred Rivera, | ) | |
| Sean Ashline, Dr. Reed, | ) | |
| Dr. Eneje, and Nurse Rainwater, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Marshall Lee Mitchell ("Mitchell"), a federal inmate proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). On July 3, 2014, the court dismissed the action with prejudice (ECF No. 59) and Mitchell appealed. On December 24, 2014, the Fourth Circuit Court of Appeals affirmed the dismissal. Before the court now are Mitchell's Motion's for Relief from Judgment, to Appoint Counsel, and for Sanctions (ECF Nos. 71, 72, and 79).[1] Respondent has filed a response in opposition (ECF No. 83).

**I. Facts/Background**

In his Complaint, Mitchell alleged Defendants were negligent in their preparation of food causing him to develop food poisoning and then were deliberately indifferent to his serious medical needs. (Compl. at 2, 3). Mitchell alleged that on June 17, 2011, while he was incarcerated at the Federal Correctional Institution at Estill, South Carolina ("FCI-Estill"), he contracted food poisoning causing headache, toothache, backache, stomachache, chills, fever, and constipation, and his right leg to swell and turn red. (Compl. at 3-4). Mitchell alleged that,

---

[1]Mitchell has also filed several supplements to his motions. (ECF Nos. 74, 76, and 85).

despite numerous requests beginning on June 20th, he was not seen by medical personnel until June 28th, and the antibiotics he was prescribed on that day were not delivered until June 30th. Mitchell also alleges discrimination because he states that during this period, other inmates were provided medical treatment. Mitchell further alleged that once he was treated, the treatment was improper and inadequate. Mitchell conceded he did not exhaust his administrative remedies, but argued that he was prevented from exhausting his administrative remedies because the prison was on lockdown and he was not provided the proper forms during that time. The court found Mitchell had not exhausted his administrative remedies and dismissed the action. The Fourth Circuit Court of Appeals affirmed, and the mandate was entered on March 25, 2015 (ECF No. 70). On May 21, 2015, Mitchell filed a motion for relief from judgment. (ECF No. 71). He subsequently filed a motion to appoint counsel and for sanctions (ECF Nos. 72 and 79).

Mitchell seeks relief from judgment pursuant to Fed.R.Civ.P. 60(b)(3).[2] Rule 60(b)(3) allows relief from final judgment for "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3).[3] This Rule "focuses on the unfair means by which a judgment or order is procured." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014). "Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous." *Tyson v. Ozmint*, 246 F.R.D. 517, 520 (D.S.C. 2007). "[T]he 'adverse party' contemplated by

---

[2] Mitchell also alleges he is moving for relief pursuant to Fed.R.Civ. 60(b)(c). Rule 60(b)(c) addresses the timing of a Rule 60(b) motion and states that a motion under Rule 60(b)(3) must be made within a reasonable time and no more than a year after the entry of the judgment or order or the date of the proceeding. For the purposes of this order, the court assumes without deciding that Mitchell's motion is timely.

[3] Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1)-(6).

2

Rule 60(b)(3)" - the opposing party in the litigation - "must be the author of any fraud . . . ." *Sherman v. Verizon Va., Inc.*, 220 F.R.D. 260, 262 (E.D.Va. 2002).

Mitchell's Rule 60(b)(3) motion fails because, even assuming his allegations are true, they are not sufficient to demonstrate that he is entitled to relief. To succeed on a Rule 60(b)(3) motion, the movant must "demonstrate the existence of a meritorious claim . . . [and] must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). In granting Defendants summary judgment, this court found that Mitchell chose not to appeal any of the grievances he filed, when he could have treated the failure to respond as denials. Therefore, Mitchell has not demonstrated that relief from judgment is warranted pursuant to Rule 60(b)(3) and his motion (ECF No. 71) is **DENIED**. And his remaining motions (ECF Nos. 72 and 79) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 13, 2015
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3